UNION PACIFIC RAILWAY COMPANY, Appellant, v.
W. L. PRATT *et al.*, Appellees.

**Practice:** SETTING ASIDE VERDICT OF JURY: EVIDENCE. Where in an action upon the bond of a cashier the defendant admitted having received certain moneys belonging to the plaintiff, which the record failed to show that he had accounted for, the mere assertion of the defendant that he had not used any of the plaintiff's money, does not make such a conflict in the evidence as to prevent the court from setting aside a verdict for the defendant as unsupported by the evidence.

*Appeal from Pottawattamie District Court.*—HON. C. F.
LOOFBOUROW, Judge.

SATURDAY, OCTOBER 8, 1892.

ACTION on the bond of W. L. Pratt, as principal, and the other defendants as his sureties, for two thousand, seven hundred and fifty-two dollars and seventy-six cents. From a verdict for the defendants, the plaintiff appeals.—*Reversed.*

*W. R. Kelley* and *John N. Baldwin*, for appellant.

No appearance for appellee.

KINNE, J.—The defendant, Pratt, was about 1879, appointed cashier of the plaintiff company at Council Bluffs, Iowa. At the time of his appointment he executed a bond to the plaintiff in the penalty of five thousand dollars, which was signed by the other defendants as his sureties. The material conditions of said bond were that said Pratt would, "at all times hereafter keep just, true and correct accounts of all of said business of said company, coming into his hands as such cashier or otherwise; and shall make and

forward to the proper officer of said company full, true and correct statements of the accounts of such station at the end of each and every week; and shall in like manner make and forward true, full and correct balance sheets showing the correct state of his accounts, as such station cashier, at the end of each and every month; and shall collect all dues, fees, freight, or passage money and all other sums of money due and payable or which may become due and payable to said company at said station; and shall duly pay over to said company, its treasurer or other duly authorized agent or attorney thereof all sums of money that are now due from him to said company, or that may hereafter become due, or that may in any manner come into his hands as such cashier, and belonging to said company, each day or whenever required by the rules and regulations of said company or otherwise." The plaintiff charges that, while acting as its cashier, Pratt received moneys to the amount of two thousand, seven hundred and fifty-two dollars and seventy-six cents, belonging to it, which he has failed and neglected to pay over to the proper officers. The defendants admit the appointment of Pratt, the execution of the bond, the organization and incorporation of the plaintiff, and deny the other allegations of the petition. And, by way of counterclaim, allege that there is due and owing the defendant, Pratt, for services as such cashier during the month of December, 1882, one hundred and twenty-five dollars, with six per cent. interest thereon. The defendants, in an amendment to this answer, aver that, by reason of the failure of the plaintiff to make timely settlements with Pratt, they are released. The plaintiff denies the allegations of the counterclaim.

Though ample time was granted to counsel for the appellee to file an argument, yet none has come to our hands, and we are compelled to dispose of the

case without the aid which an argument might have afforded.

The only question for our consideration is as to whether the verdict was against the evidence. We are of the opinion that the court below should have set the verdict aside as being unsupported by the evidence. The defendant, Pratt, testifies that he was a good bookkeeper. He knew it was his duty when he received money for the plaintiff to charge himself with it, and at the proper time remit any balance in his hands, accompanied with the proper statement. The evidence is uncontradicted that he received one thousand, eight hundred and thirty-six dollars and eighty-six cents from the Chicago, Milwaukee & St. Paul Railway Company by the Chicago, Rock Island & Pacific Railway Company for the plaintiff. He admits the receipt of this money, and yet, so far as this record shows, he never charged himself with it. In view of these facts, it will not do to say that his assertion that he did not use any of the plaintiff's money raises such a conflict in the evidence as to justify a jury in disregarding the facts, or should prevent this court from interfering with the action of the jury. Having admitted the receipt of the money, it was incumbent on him to show that he had properly accounted for it. He kept the books, and, having failed to show that he charged himself with the money which he admits receiving, his naked statement that he did not use it should not relieve him from the necessity of accounting to his employer for it.

There are other items of indebtedness from Pratt to the plaintiff, which are in controversy, but we need not consider them, as they may not occur on another trial. What we have already said shows that the verdict was contrary to the evidence, as we understand it. The judgment of the district court is REVERSED.